UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIDEL PACHINO aka Juan
Francisco Vega,

       Plaintiff,

v.                      Case No: 2:21-cv-801-JES-NPM

CHARLES P. RETTIG,

       Defendant.

_____

### OPINION AND ORDER

Before the Court is Fidel Pachino's Complaint (Doc. #1). Pachino is detained at the Florida Civil Commitment Center. He sues Charles Rettig, Commissioner of the Internal Revenue Service (IRS). Pachino claims the IRS unlawfully failed to pay him two economic impact payments (EIPs) in the amounts of $1,200 and $600. He asks the Court to order the IRS to send him a check for $1,800.

The Court screens Pachino's Complaint under 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a party who is immune from such relief. The Court applies the standard for dismissals under Federal Rule of Civil Procedure 12(b)(6) to determine whether the Complaint states a claim.

Under Rule 12(b)(6), the Court views all allegations in the Complaint as true and construes them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th

Cir. 2008).  But conclusory allegations are not entitled to a presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  And a complaint should be dismissed if it does not state a claim for relief that is plausible on its face.  Bell Atl. v. Twombly, 550 U.S. 544, 556 (2007).

Pachino claims he did not receive two EIPs authorized by the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) and the Consolidated Appropriations Act of 2021 (CAA).  "The CARES Act and the CAA authorized tax credits of $1,200 and $600, respectively, against the tax imposed in the case of eligible individuals for the taxable year beginning in 2020."  McLaughlin v. United States, No. 4:21-cv-435-WS/MAF, 2022 WL 522832, at *1 (N.D. Fla. Feb. 22, 2022).  EIPs are advance refunds of the tax credits, and the statutes allowed eligible individuals who did not receive EIPs to claim a recovery rebate credit on their 2020 income tax returns.  Id.

Pachino cannot show he is entitled to the relief he requests. Congress made it the responsibility of the IRS, not this Court, to determine whether Pachino is eligible for a rebate or credit.  See Swedlow v. Dep't of Treasury, No. 1:22-cv-00011-JLT-SKO, 2022 WL 673745, at *4 (E.D. Cal. Mar. 7, 2022) (citing 26 U.S.C. § 6428(f)(3)(B)).  If the IRS considered Pachino eligible for the rebates but did not send him EIPs, the onus was on Pachino to claim the credit on his 2020 tax return.  It is too late for Pachino to

receive EIPs.  The CARES Act and CAA imposed deadlines of December 31, 2020, and January 15, 2021, for EIPs to be "made or allowed." 26 U.S.C. §§ 6428A(f)(3)(A)(ii)(I), 6428B(g)(3).  Pachino filed this action well after the deadlines.

Accordingly, it is hereby

**ORDERED:**

Fidel Pachino's Complaint (Doc. #1) is **DISMISSED**.  The Clerk is **DIRECTED** to enter judgment for Defendant and against Plaintiff, terminate any pending deadlines, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___21st___ day of March 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record

- 3 -